UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY L. MCCOY,

    Plaintiff,

vs.

DR. RODNEY L. CARLSON, *et al.*,

    Defendants.

Case No. 3:17-cv-432

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR EXPEDITED LIMITED DISCOVERY (DOC. 5); (2) DENYING PLAINTIFF'S MOTION TO FIND OHIO CIVIL RULE 10(D) INAPPLICABLE TO THIS CASE, BUT GRANTING PLAINTIFF'S ALTERNATIVE MOTION FOR AN EXTENSION OF TIME TO FILE AN AFFIDAVIT OF MERIT (DOC. 6); AND (3) GRANTING PLAINTIFF LEAVE -- UP TO AND INCLUDING MARCH 22, 2018 -- TO FILE AN AMENDED COMPLAINT WITH AN ATTACHED AFFIDAVIT OF MERIT**

---

This civil case is before the Court on two motions filed by Plaintiff: (1) a motion for expedited limited discovery; and (2) a motion seeking either a declaration that Ohio Civil Rule 10(D) does not apply in federal court or, alternatively, seeking an extension of time to file an affidavit of merit as required by Ohio Civil Rule 10(D).

**I.**

Plaintiff brings this action, in part, pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC"). Doc. 1. While in the custody of the ODRC, Plaintiff had an open sore or wound on his foot which has allegedly resulted in the loss of his toes. *Id.* at PageID 3. Plaintiff also has a history of diabetes. *Id.* Plaintiff alleges that, while in custody, the ODRC and unidentified Defendants were deliberately indifferent to his serious medical needs. *Id.* at PageID

3- 7. In addition to his constitutional claims under § 1983, he asserts, *inter alia*, a claim of medical negligence. *Id*. at PageID 7-9.

## II.

With regard to the motion for expedited discovery, Plaintiff seeks to discover the names of individuals responsible for his treatment at an ODRC correctional facility so that those individuals can be properly added as defendants in the complaint and served with process. Doc. 5. Plaintiff contends that he is in possession of medical records from the ODRC, but that the names of those providing treatment are either absent from the records or illegible and, therefore, discovery is required to identify the presently unidentified Defendants he names in the complaint. Doc. 5 at PageID 17.

Generally, no party may seek "discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d). Rule 26(d), however, provides an exception to the general rule if either the parties stipulate to such discovery or the court permits such discovery by order. *Id*. "Consequently, a district court has the discretion to permit discovery prior to a Rule 26(f) conference" upon a showing of good cause. *Manny Film, LLC v. Doe*, No. 2:15-CV-1050, 2015 WL 12732853, at *1 (S.D. Ohio Mar. 27, 2015). For good cause shown, and in the interest of justice, the undersigned **GRANTS** Plaintiff's motion for expedited limited discovery so that he can discover the names of individuals who provided treatment to him while in custody.

## III.

Next, with regard to his state law malpractice claim, Plaintiff seeks relief from Ohio Civil Rule 10(D), which states that, any "complaint that contains a medical claim . . . shall be accompanied by one or more affidavits of merit [from appropriate medical experts] relative to each defendant named in the complaint for whom expert testimony is necessary to establish

liability." Ohio Civ. R. 10(D)(2)(a). Although Plaintiff argues that Ohio Rule 10(D) is a procedural rule not applicable in federal courts, doc. 6 at PageID 19, judges in this district have found such rule substantive and applicable to medical malpractice claims. *See, e.g., Bush v. United States*, No. 1:13-CV-406, 2014 WL 661686, at \*6 (S.D. Ohio Feb. 19, 2014*), report and recommendation adopted*, No. 1:13CV406, 2014 WL 1308512 (S.D. Ohio Mar. 31, 2014). Accordingly, the Court **DENIES** Plaintiff's motion insofar as he seeks a finding that Ohio Rule 10(D) does not apply in this federal action.

Alternatively, Plaintiff seeks an extension of time to comply with the requirements of Rule 10(D). Doc. 6. Ohio Civil Rule 10(D) contemplates the granting of an extension of time up to 90 days for good cause shown -- or beyond 90 days "if other circumstances warrant extension." Finding good cause shown by Plaintiff, the undersigned **GRANTS** Plaintiff's motion for an extension of time to comply with the affidavit of merit requirement in Ohio Civil Rule 10(D). Plaintiff shall file an amended complaint with attached affidavit(s) of merit on or before **March 22, 2018**. Plaintiff may seek a further extension of such date upon sufficiently showing that circumstances warrant a further extension.

**IT IS SO ORDERED.**

Date:   January 5, 2018                                          s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge