UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY L. MCCOY,

    Plaintiff,

vs.

DR. RODNEY L. CARLSON, *et al*.,

    Defendants.

Case No. 3:17-cv-432

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

## ORDER AND ENTRY GRANTING PLAINTIFF'S THIRD MOTION FOR AN EXTENSION OF TIME TO FILE AN AFFIDAVIT OF MERIT

---

This civil case is before the Court Plaintiff's motion for a third extension of time to file an affidavit of merit. Doc. 26. Plaintiff argues that an extension is necessary because he has not yet received copies of his medical records from Pickaway Correctional Institution ("PCI") and, therefore, his expert has been unable to review such records in preparation of an affidavit of merit. Doc. 26 at PageID 92-95. Defendants have filed a memorandum in opposition to Plaintiff's motion. Doc. 27. In their opposition, Defendants argue that any delay at this point in obtaining medical records from PCI is a delay occasioned solely as a result of Plaintiff's refusal to reimburse Defendants $0.05 per page in copying expenses for reproducing his medical records for production (a total of $102.20). *See id*. at PageID 135-38. Plaintiff timely filed a reply memorandum. Doc. 28. Having carefully considered all of the foregoing, Plaintiff's motion is now ripe for decision.

At the outset, the Court notes well-established precedent that "the 'right of access' the courts have developed a distinction between actual access to the court and procedures essential to the trial process." *Johnson v. Hubbard*, 698 F.2d 286, 288 (6th Cir. 1983). In other words, while *in forma pauperis* status entitles Plaintiff to proceed without the payment of filing fees, "there is no constitutional requirement to waive" other costs associated with litigation, *id*., and certainly

"no constitutional or statutory requirement that the defendants pay for [a plaintiff's] discovery efforts." *Hendricks v. Ohio Dep't of Rehab. & Correction*, No. 2:11-CV-40, 2011 WL 3652423, at *10 (S.D. Ohio Aug. 18, 2011).

Here, Plaintiff appears willing to pay Defendants for costs associated with producing a copy of his medical records but argues that the $102.20 fee requested is unreasonable under federal law, namely 42 U.S.C. § 17935 and 45 C.F.R. § 164.524. The federal law cited by Plaintiff states that, where an "individual requests a copy of protected health information . . . the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of . . ." *inter alia*, labor, supplies and postage. 45 C.F.R. § 164.524(c)(4).

Insofar as Defendants maintain Plaintiff's medical records in a non-electronic form (*i.e.*, on actual paper), it does not appear to the undersigned that the requested fee of $0.05 per page is unreasonable. If Plaintiff's medical records are maintained in an electronic form -- which is unclear from the parties' submissions to the Court at this time -- perhaps the $102.20 fee requested by Defendants is not reasonable. Based on the current record before the Court, however, the undersigned cannot make such a determination. Instead, the Court **ORDERS** that counsel confer in good faith to promptly accomplish the production of Plaintiff's medical records.

Accordingly, the undersigned **GRANTS** Plaintiff's motion for an extension of time to comply with the affidavit of merit requirement in Ohio Civil Rule 10(D). Plaintiff shall file an amended complaint with attached affidavit(s) of merit on or before **November 26, 2018**. The undersigned anticipates granting no further extensions of time in this regard in the absence of extraordinary circumstances.

**IT IS SO ORDERED.**

Date: August 24, 2018        s/ Michael J. Newman
                                                                   Michael J. Newman
                                                                   United States Magistrate Judge