UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY L. MCCOY,

 Plaintiff,

vs.

RODNEY L. CARLSON, *et al.*,

 Defendants.

Case No. 3:17-cv-432

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A SUR-REPLY *INSTANTER* (DOC. 47)**

\*\*\*

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR COSTS AND FEES FOR SERVICE OF PROCESS (DOC. 35) BE DENIED**

---

 This civil case is before the Court on Plaintiff's motion for costs and fees, pursuant to Fed. R. Civ. P. 4(d)(2), related to obtaining service of process on Defendants Rodney Carlson and Dave Conley. Doc. 35. Defendants filed a memorandum in opposition (doc. 42) and, thereafter, Plaintiff filed a reply (doc. 44). Following the filing of Plaintiff's reply, Defendants moved for leave to file a sur-reply, which the Court **GRANTS** *instanter* over Plaintiff's opposition (doc. 47). The undersigned has carefully considered all of the forgoing, and Plaintiff's motion for costs and fees is now ripe for decision.

 Plaintiff's motion requires the Court's construction of the Federal Rules of Civil Procedure, which "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1;

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

*see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The Rules regarding service of process appear consistent with the dictates of Rule 1 in that a federal court defendant "has a duty to avoid unnecessary expenses of serving the summons" when requested by Plaintiff. Fed. R. Civ. P. 4(d). In fact, courts are required to impose certain costs and attorney's fees on defendants who fail to sign and return a requested waiver of service without good cause. Fed. R. Civ. P. 4(d)(2). The Advisory Committee Notes to Rule 4 state, however, that while "[a] defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause for the failure, . . . sufficient cause should be rare." *Estate of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005).

Here, Defendants argue that good cause exists because Plaintiff failed to comply with all requirements set forth in Rule 4(d)(1) for requesting a waiver of service. Specifically, Defendants argue that Plaintiff failed to comply with Rule 4(d)(1)(C), which requires that a waiver of service request "be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form[.]" Fed. R. Civ. P. 4(d)(1)(C).

Some courts agree with Defendants' contention that, in order to recover costs and fees under Rule 4(d)(2), a plaintiff must make "a sufficient showing that he [or she] satisfactorily complied with Rule 4(d)(1)[.]" *Robinson v. Wings of Alpharetta, Inc.*, 305 F.R.D. 695, 698 (N.D. Ga. 2011). In other words, "the procedural requirements of Rule 4(d)(1), Federal Rules of Civil Procedure, are a 'condition precedent to a demand for costs for refusal to waive service.'" *Davies v. Scott*, No. 6:15-CV-21-ORL-22GJK, 2015 WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015); *see also Schmitman v. Hager*, No. CV 17-5695-GW(JCX), 2017 WL 10378498, at *3 (C.D. Cal. Nov. 27, 2017); *Spivey v. Bd. of Church Extension & Home Mission of Church of God*, 160 F.R.D. 660, 663 (M.D. Fla. 1995) ("If the plaintiff properly complies with all of the requirements of Rule 4(d)(2), then costs are awarded").

Decisions from this district have reached similar conclusions.[2] *Powers v. Collins*, No. 2:09-CV-00501, 2010 WL 3526518, at *1 (S.D. Ohio Sept. 8, 2010) (holding that, because plaintiff "failed to provide any prepaid means for returning the forms or provide the date the request was sent . . . he did not follow [Rule 4(d)(1)] [and] he is not entitled to recover any costs of service"); *Carter v. Wilkinson*, No. 2:05-CV-0380, 2007 WL 2874722, at *2 (S.D. Ohio Sept. 27, 2007), *report and recommendation adopted*, No. 2:05-CV-0380, 2008 WL 5142998 (S.D. Ohio Dec. 5, 2008) (denying costs where the plaintiff failed to provide to the defendant a pre-paid means of returning the waiver of service).

In this case, Plaintiff's counsel admits that he cannot prove compliance with Fed. R. Civ. P. 4(d). *See* doc. 44 at PageID 185. Because Plaintiff cannot demonstrate compliance with the requirements for requesting a waiver of service under Rule 4(d), the undersigned **RECOMMENDS** that Plaintiff's motion for an award of costs and fees (doc. 35) be **DENIED**. *See Flores*, 116 F. App'x at 508 (concluding that plaintiff bears the burden of showing compliance with Rule 4(d) when moving for costs and fees).

Date:  May 24, 2019                                s/ Michael J. Newman
                                                                            Michael J. Newman
                                                                            United States Magistrate Judge

---

[2] Other courts, however, have noted that "service of a request for waiver of formal service might be effective and achieve Rule 4's goals of minimizing the costs of litigation even if a plaintiff does not strictly comply with every formalistic requirement of the rule." *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004); *see also Dymits v. Am. Brands, Inc.*, No. C 96-1897 CW, 1996 WL 751111, at *16 (N.D. Cal. Dec. 31, 1996).

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).