UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY L. MCCOY,

    Plaintiff,

vs.

RODNEY L. CARLSON, *et al.*,

    Defendants.

Case No. 3:17-cv-432

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

___

# ORDER
___

This civil case came before the Court for an informal discovery status conference on July 11, 2019. Thomas Eagle participated on behalf of Plaintiff; Mindy Worly participated on behalf of Defendants. Plaintiff's attorney presented three issues to the Court: (1) Defendants' inability to produce for him the most recent contact information of Defendant Ray as requested in discovery; (2) his request for copies of Plaintiff's medical records; and (3) Plaintiff's pending, unopposed motions to substitute parties (docs. 110, 112).

With regard to the first issue, Plaintiff has sought to discover from Defendants the last known contact information for Defendant Sherri Lynne Ray, a nurse who allegedly worked within Pickaway Correctional Institution ("PCI") at the time of the events giving rise to this case. Defendants' attorney represents that Ms. Ray appears to have been a contract worker employed to work within the Ohio Department of Rehabilitation and Correction ("ODRC") and/or ("PCI") through an unidentified employment agency. Defendants' attorney represents that she has been unable to find Ms. Ray's last known contact information or the name and contact information of her employment agency within records in the possession, custody, or control of Defendants.

Nevertheless, Defendants' attorney suggests that Plaintiff's counsel conduct a deposition of an ODRC or PCI records custodian in an effort to discover such information.

Whether Ms. Ray was an employee of the ODRC or PCI, or was a contract employee otherwise working within the ODRC or PCI, it is difficult for the Court to believe that neither the ODRC nor PCI possess the information requested by Plaintiff concerning Defendant Ray. In fact, the Court hopes the ODRC and/or PCI have records containing, at the least, the name and last known contact information of each and every individual who have entered and worked within its prison facilities and had contact with inmates, regardless of whether that person is an employee or a contractor. It seems equally unfathomable to the Court that neither the ODRC nor PCI know the name and contact information of the employment agency through which Ms. Ray was employed. Given the mandates of Fed. R. Civ. P. 1 -- *i.e.*, that the Civil Rules shall be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding" -- the undersigned questions why Plaintiff's counsel need depose a records custodian to discover such routine information that should, and undoubtedly is, within the possession, custody, or control of the ODRC, PCI, or their respective directors and wardens. Accordingly, counsel for Defendants is **ORDERED** to promptly make all reasonable efforts to obtain such information and produce it to Plaintiff's counsel forthwith.

Next, Plaintiff seeks copies of his own medical records from Defendants. Again, such a request is typical and routine in civil litigation and should be responded to, in full, without significant delay once a proper discovery request is made. Defendant is **ORDERED** to produce such documents forthwith pursuant to the terms of a Protective Order negotiated by counsel and approved by the Court. The Court anticipates that all of the foregoing be accomplished within the next week.

Finally, before the Court are two unopposed motions to substitute parties. For good cause shown, and absent objection, Plaintiff's unopposed motions (docs. 110, 112) are **GRANTED**.

This case is set for a follow-up discovery conference by telephone on **July 25, 2019** at **10:00 a.m.** Counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference.

**IT IS SO ORDERED.**


Date:  July 15, 2019                             s/ Michael J. Newman
                                                                                     Michael J. Newman
                                                                                     United States Magistrate Judge