UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GARY L. MCCOY,

    Plaintiff,

vs.

DR. RODNEY L. CARLSON, et al.,

    Defendants.

Case No. 3:17-cv-432

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTIONS TO PARTIALLY DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT (DOCS. 128, 139) BE GRANTED; AND (2) THIS CASE REMAIN PENDING WITH REGARD TO PLAINTIFF'S REMAINING CLAIMS**
_____

This civil case is before the Court on Defendants' motions to partially dismiss Plaintiff's fourth amended complaint. Docs. 128, 139. Plaintiff filed memoranda in opposition. Docs. 131, 144. Thereafter, Defendants filed reply memoranda. Docs. 133, 147. The undersigned has carefully considered all of the foregoing, and Defendants' motions are ripe for decision.

**I.**

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555).

In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he factual allegations must be specific enough to justify 'drag[ging] a defendant past the pleading threshold.'" *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

**II.**

This is a civil rights case in which Plaintiff, through counsel, asserts claims under 42 U.S.C. § 1983 against the following Defendants: (1) Rodney L. Carlson, D.P.M.; (2) Dave Conley; (3) Sherry

Lynn Cooper-Dye, C.N.P.; (4) Sharrie A. Ray; (5) Heather A. Hagan, R.N.; (6) Amy Bakle; (7) the director of the Ohio Department of Rehabilitation and Corrections ("ODRC"); and (8) the warden of the Pickaway Correctional Institution ("PCI") near Orient, Ohio. Doc. 117. Plaintiff purports to assert claims against Conley, Carlson, Cooper-Dye, Ray, Hagan, and Bakle in their individual capacities. *Id*. at PageID 525. Plaintiff also purports to assert official capacity claims seeking, *inter alia*, injunctive relief against the ODRC Director and PCI Warden. *Id*. at PageID 525.

Plaintiff's claims arise from his medical care during his incarceration at PCI. *Id*. Plaintiff, who has a number of medical conditions, including diabetes, alleges that he suffered from an infected open wound on his foot during his incarceration which caused severe pain and which ultimately resulted in unspecified "amputations." *Id*. He contends that the named Defendants were all deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment. *Id*. In this regard, Plaintiff alleges that the deprivation of his rights under the Eighth Amendment resulted from, *inter alia*, Defendants' (1) failure to adequately train and/or supervise others at PCI; and (2) creation and enforcement of policies and customs within PCI. *Id*. at PageID 532. Plaintiff's claim for injunctive relief requests an order prohibiting the ODRC Director and PCI Warden from adopting or enforcing the unidentified policies and/or customs that allegedly led to his purported constitutional deprivation(s). *Id*. at PageID 533.

### III.

Defendants move to dismiss Plaintiff's Eighth Amendment claims insofar as he alleges that his Eighth Amendment rights were violated as a result of Defendants' failure to adequately train and supervise others at PCI,[2] or from Defendants' purported enforcement of policies or customs within

---

[2] In paragraph 28 of the fourth amended complaint, Plaintiff alleges that "Defendants Conley and Carlson and Cooper-Dye and Ray and Hagan and Bakle, individually and as agents for ODRC, and each of them, individually (and not necessarily collectively), and also the ODRC, by its Director Mohr, and the PCI, by its Warden Bradley, failed to adequately train and supervise their staff in the intake, assessment and medical care of inmates suffering from diabetes and related problems." Doc. 117 at PageID 532.

3

PCI.[3] Doc. 182 at PageID 559. As noted by Defendants, Plaintiff sets forth no allegations detailing the purportedly deficient training or supervision at issue, or even marginally describing the purported policies or customs that Defendants made or enforced. *See* doc. 117.

In opposition, Plaintiff argues that Defendants' motions seeking to dismiss his fourth amended complaint should be denied because, under Fed. R. Civ. P. 12(g)(2), the arguments asserted therein could have, but were not, asserted when Defendants moved to dismiss his second and third amended complaints. Doc. 131. Even assuming, *arguendo*, Plaintiff's legal contention in this regard is correct, the undersigned would, in the interest of judicial economy,[4] exercise the Court's discretion and consider Defendants' motion to dismiss the fourth amended complaint. *F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 383 (D. Md. 2009) ("[M]any courts have interpreted [Rules 12(g) and 12(h)(2)] permissively and have accepted subsequent [Rule 12(b)(6)] motions on discretionary grounds").[5]

The Court finds Defendants' arguments in their motions to dismiss to be well-taken. "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v.*

---

[3] In paragraph 29 of the fourth amended complaint, Plaintiff alleges that "Defendants Conley and Carlson and Cooper-Dye and Ray and Hagan and Bakle, individually and as agents for ODRC, and each of them, individually (and not necessarily collectively), and also the ODRC, by its Director Mohr, and the PCI, by its Warden Bradley, made and enforced rules, regulations, customs, policies and procedures that were inadequate and unreasonable and were a or the factor behind the constitutional deprivations suffered by Plaintiff Gary L. McCoy." Doc. 117 at PageID 532.

[4] Any failure by Defendants to raise a particular Rule 12(b)(6) argument in a previous motion to dismiss does not amount to a waiver of such argument. *See* Fed. R. Civ. P. 12(h). In fact, any defense asserting the "failure to state a claim upon which relief can be granted . . . may be raised" in a pleading, by Rule 12(c) motion for judgment on the pleadings, or at trial -- even if such defense was not raised in a previously filed motion to dismiss. *See* Fed. R. Civ. P. 12(h)(2); *see also* Fed. R. Civ. P. 12(h)(1) (exempting the Rule 12(b)(6) from any waiver occurring by virtue of "the circumstances described in Rule 12(g)(2)"); *Walzer v. Muriel Siebert & Co.*, 447 F. App'x 377, 384 (3d Cir. 2011). It would make little sense to deny Defendants' pending motion to dismiss pursuant to Rule 12(g)(2) only to later consider the argument after Defendants have expended state resources to file an answer and a Rule 12(c) motion.

[5] Rule 12(g)(2) states that "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." While a strict reading of Rule 12(g)(2) appears to support Plaintiff's contention that successive motions to dismiss are generally impermissible where arguments in successive motions could have been raised previously, "courts reason that a hyper-technical application of Rule 12(g)(2) would undermine the efficient resolution of disputes promoted by the Federal Rules." *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 702 (10th Cir. 2014).

*Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)).

To state a claim under § 1983, a plaintiff must allege, *inter alia*, the "(1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Notably, an individual against whom civil rights claims are asserted under § 1983 are "only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see also Marcilis*, 693 F.3d at 596. As a result, in addition to the foregoing, claims asserting "violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

In other words, the mere "listing [of] names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery[.]" *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)); *see also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002). Further, simply "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct'" fails "'to satisfy [the] minimum standard that a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests[.]" *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citation and internal quotation omitted). Simply put, "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir. 2013) (emphasis in original) (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

Thus, consistent with the foregoing, in asserting individual capacity claims based upon a failure to train or supervise theory, a plaintiff "must point to a specific action of each individual supervisor." *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 544 (6th Cir. 2008). That is because, as set forth *infra*, "§ 1983 liability must be based on more than *respondeat superior*, or the right to control employees." *Id*. at 543 (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, for liability to attach to the individual on a failure to train or supervise theory, the plaintiff must allege and prove that the individual "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id*.

Here, Plaintiff sets forth no such factual allegations against any Defendant in his fourth amended complaint sufficient to state Eighth Amendment claims against them in their individual capacities based on a failure to train or supervise theory. Instead, his complaint in this regard is "nothing more than a bare recitation of legal standards" which "is not enough to survive a Rule 12(b)(6) motion[.]" *Brown v. Cuyahoga Cnty*, 517 F. App'x 431, 436 (6th Cir. 2013) (dismissing plaintiff's failure to train claim on such basis). Accordingly, Plaintiff's individual Eighth Amendment claims based on a failure to train or supervise theory should be dismissed. *Cf. Mitchell v. City of Hamilton*, No. 1:11-CV-764, 2012 WL 701173, at *5 (S.D. Ohio Mar. 1, 2012).

Insofar as Plaintiff asserts official capacity claims against Defendants, such claims should also be dismissed. "[A] section 1983 action against [an official] in his or her official capacity is treated as an action against the [public] entity itself." *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State"). Government entities -- such as the ODRC or PCI -- are considered persons under § 1983 and "may be sued for constitutional deprivations." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

However, like individuals, government entities cannot be held liable for the acts of employees or officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be

6

the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). To demonstrate *Monell* liability, one must: (1) identify the policy or custom; (2) connect the policy to the governmental entity; and (3) show injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (internal citations omitted). Here, Plaintiff fails to identify any specific policy, rule, custom, or procedure maintained by the ODRC or PCI other than elude to a purported failure by Defendants to "adequately train and supervise their staff in the intake, assessment and medical care of inmates suffering from diabetes and related problems." Doc. 117 at PageID 532.

A governmental entity's "failure to [adequately] train and supervise" employees "about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983[.]'" *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 737 (6th Cir. 2015) (citations omitted); *see also Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006) (stating that "courts recognize a systematic failure to train police officers adequately as custom or policy which can lead to city liability" under § 1983). To prevail on these claims against a government entity under §1983, Plaintiff must generally show training and supervision provided: "is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [entity's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury." *Brown v. Chapman*, 814 F.3d 447, 463 (6th Cir. 2016).

In addition, a plaintiff asserting constitutional deprivations arising from a failure to train or supervise must, more specifically, allege facts regarding "prior instances of unconstitutional conduct demonstrating that the [government entity] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005). A motion to dismiss is properly granted on a failure to train and supervise claim where a plaintiff fails to allege "*any* facts that there were prior instances of similar misconduct so as to show that [the defendant] was on notice that its training and supervision with

7

respect to the use of force and medical treatment was deficient." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (emphasis in original); *see also Austin v. City of Cincinnati*, No. 1:15-CV-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding dismissal warranted because "[t]he complaint fails to cite a single prior instance or statistic in support of this claim"), *report and recommendation adopted*, No. 1:15-CV-608, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016).

Plaintiff sets forth no such allegations in his fourth amended complaint. As a result, his Eighth Amendment claims based upon Defendants' alleged policies, customs, supervision, training, and/or enforcement should be dismissed.

**IV.**

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Defendants' motions to partially dismiss Plaintiff's fourth amended complaint (docs. 128, 139) be **GRANTED**; (2) Plaintiff's individual and official capacity claims alleging Eighth Amendment violations arising from the alleged failure to supervise or train, or from enforcing official policies or customs be **DISMISSED**; and (3) Plaintiff's complaint remain pending with regard to all other claims.

Date:   January 27, 2020                                  s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).